IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMIE M. BUNETTO,<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 4:21-cv- |
| THE CITY OF ANNA, TEXAS<br>　　Defendant. | §<br>§<br>§ | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Jamie M. Bunetto, Plaintiff, and files this original complaint against The City of Anna, Texas (hereinafter "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

2. Defendant The City of Anna, Texas is a Texas municipality located in Collin County, Texas and may be served by serving its mayor, Nate Pike.

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, 42 U.S.C. § 2000e, *et seq.* (Civil Rights Act of 1964), as amended, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. All prerequisites to filing suit have been met.

## III. FACTS

5. Plaintiff was employed by the The City of Anna, Texas as a police officer on or about January 13, 2020 until his forced resignation on or about March 5, 2020.

6. Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA, Title VII, and the Texas Labor Code.

7. Plaintiff began working for Defendant on or about January 13, 2020, as a patrol officer.

8. On or about February 9, 2020, Plaintiff was involved in a traffic stop along with his Field Training Officer ("FTO") Stephen Dean ("Dean"). The officers stopped a truck which contained four juveniles who were out after curfew established by Defendant. Although the body cameras worn by both officers were inoperative from lack of power, the incident was captured by the patrol vehicle's dash camera.

9. After conducting an investigation, the officers, having not observed any evidence of intoxication or any illegal activity, exercised their discretion to verbally warn the juveniles and send them home without a citation and without conducting an arrest.

10. On February 14, 2020, the Chief of the Anna I.S.D. police department made a complaint to Defendant after viewing a video posted on social media by one of the juveniles in which the juvenile noted being out after curfew and not receiving a citation from Plaintiff and Dean.

11. Plaintiff and Dean were placed on administrative leave while an internal investigation was conducted. The investigation was conducted by Detective Foster of the Anna Police Department. Detective Foster concluded the investigation on March 3, 2020 and submitted a report to Anna Police Chief Jeff A. Caponera. Detective Foster investigated five possible violations of City policy

and found that three were sustained: 1) failure to properly record the stop with their body cameras; 2) failing to issue a citation or warning to the juveniles; and 3) failing to document the incident in writing.

12. For these egregious violations of policy, Detective Foster recommended that each officer receive a written reprimand. Detective Foster noted that he had contacted the parents of the juveniles and all stated that Plaintiff and Dean handled the situation satisfactorily and none of the parents had any concerns regarding their conduct.

13. After receiving this report, Chief Caponera drafted a memorandum dated March 3, 2020, reinstating Plaintiff to full duty and to resume his normal activities on March 4, 2020.

14. However, on information and belief, something happened to change Chief Caponera's mind regarding the appropriate disciplinary action. Chief Caponera called Plaintiff and Dean in and told them they could either resign their employment with Defendant and receive "clean" F-5 forms, or they would be terminated and would receive an F-5 showing that they were not honorably discharged.

15. Plaintiff and Dean, knowing that an F-5 showing less than an honorable discharge would likely prevent them from obtaining future employment as police officers, chose involuntary resignation and a "clean" F-5 rather than termination.

16. At the time Plaintiff was terminated, Plaintiff was earning $67,000.00 per year, plus benefits.

### IV. CLAIMS FOR RELIEF AND DAMAGES

#### A. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

##### 1. Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

17. Plaintiff incorporates the factual allegations contained in paragraphs 5-16 herein as if set out verbatim.

18.  Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

19.  Plaintiff was 48 years of age at the time of his termination by Defendant.

20.  Plaintiff was well qualified for the position of police officer and had been employed in that capacity by multiple police agencies.

21.  On information and belief, Plaintiff was replaced by a person under the age of 40. Further, Plaintiff was treated less favorably than younger employees of Defendant in that he was forced to resign for very minor policy violations while younger employees who were disciplined for similar or more egregious violations of policy were not forced to resign.

22.  Defendant's stated reason for terminating Plaintiff is purely pretextual, as Plaintiff had no prior infractions and the recommended discipline for the minor infractions involved were a simple written reprimand.

23.  Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

24.  Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

25.  On or about August 20, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 9, 2021, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 3, 2021.

26.  Pleading further, and in the alternative:

## 2. Violations of 42 U.S.C. § 2000e , *et seq.* (Title VII of the Civil Rights Act of 1964), as amended

27.     Plaintiff incorporates the factual allegations contained in paragraphs 5-16 herein as if set out verbatim.

28.     Plaintiff was forced to resign (terminated) in violation of 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964), as amended, protecting Plaintiff from discrimination on the basis of gender.

29.     Plaintiff is male.

30.     Plaintiff was well qualified for the position of police officer and had been employed in that capacity by multiple police agencies.

31.     Plaintiff was treated less favorably than female employees of Defendant in that he was forced to resign for very minor policy violations while female employees who were disciplined for similar or more egregious violations of policy were not forced to resign.

32.     Defendant's stated reason for terminating Plaintiff is purely pretextual, as Plaintiff had no prior infractions and the recommended discipline for the minor infractions involved were a simple written reprimand.

33.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 42 U.S.C. § 2000e, *et seq*. (Title VII of the Civil Rights Act of 1964) as amended.

34.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. § 2000e, *et seq*. (Title VII of the Civil Rights Act of 1964) as amended.

35.     On or about August 20, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 9, 2021, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 3, 2021.

36.     Pleading further, and in the alternative:

## B. STATE CLAIMS FOR RELIEF AND DAMAGES
### Violations of TEX. LABOR CODE § 21.051 *et seq.*

37.     Plaintiff incorporates the factual allegations contained in paragraphs 5-16 herein as if set out verbatim.

38.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051 *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age and gender.

39.     Plaintiff, a male, was 48 years of age at the time of his forced resignation (termination) by Defendant.

40.     Plaintiff was well qualified for the position of police officer and had been employed in that capacity by multiple police agencies.

41.     On information and belief, Plaintiff was replaced by a person under the age of 40. Further, Plaintiff was treated less favorably than younger and female employees of Defendant in that Plaintiff was forced to resign for very minor policy violations while younger and/or female employees who were disciplined for similar or more egregious violations of policy were not forced to resign.

42.     Defendant's stated reason for terminating Plaintiff is purely pretextual, as Plaintiff had no prior infractions and the recommended discipline for the minor infractions involved were a simple written reprimand.

43.     Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

44.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory damages as authorized by TEX. LABOR CODE § 21.2585.

45. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

46. On or about August 20, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 9, 2021, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 3, 2021.

## V. DAMAGES

47. Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct, including liquidated damages, compensatory damages, lost wages, and mental anguish. Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; and 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964) as amended.

48. Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

49. Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory damages as authorized by TEX. LABOR CODE § 21.2585.

## VI. ATTORNEY'S FEES

50. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees as outlined above.

## IX. JURY DEMAND

51. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that upon final hearing

hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; compensatory damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

Richardson Law Firm
118 S. Crockett
Sherman, Texas 75090
Tel: (903) 893-7541
Fax: (903) 893-9585


By: /s/ Robert E. L. (Ed) Richardson
    Robert E. L. (Ed) Richardson
    SBN: 24007913
    ed@richardsonfirm.net

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEYS FOR PLAINTIFF**